**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street, SW, Suite 800<br>Washington, DC 20024, | ) | |
| *Plaintiff,* | ) | Civil Action No. |
| v. | ) | |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530, | ) | |
| *Defendant.* | ) | |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice ("DOJ") is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.

## STATEMENT OF FACTS

5. On April 7, 2017, Plaintiff submitted a FOIA request to the DOJ seeking the following:

> All records discussing the policy or practice of settling DOJ lawsuits against corporate defendants by requiring donations to La Raza, the Urban League, or the National Community Reinvestment Coalition.

The time frame of the request was identified as January 1, 2013 through January 20, 2017.

6. On April 10, 2017, DOJ confirmed in writing that Plaintiff's request had been referred to the DOJ components most likely to have responsive records – the Executive Office for United States Trustees, the Executive Office for U.S. Attorneys, and the Civil Division. Defendant subsequently designated the request with FOIA Control Number 145-FOI-15351.

7. On April 27, 2017 one of Defendant's components, the Civil Division, responded to inform Plaintiff it had completed its search for records and located no responsive records, and to state its belief that responsive records are "likely to be maintained" in the DOJ Office of the Associate Attorney General ("OAAG") instead. Plaintiff is unaware whether the Civil Division communicated its belief about the OAAG's possession of records further within DOJ. In any event, Plaintiff did not appeal the Civil Division's April 27, 2017 determination, and does not challenge that component's search for records in this lawsuit.

8. For all of Defendant's components other than the civil division, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

**COUNT I**

**Violation of FOIA, 5 U.S.C. § 552**

9. Plaintiff realleges paragraphs 1 through 8 as if fully stated herein.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's requests within twenty (20) business days of receipt. Accordingly, Defendants' determinations were due by about April 24, 2017, at the latest. At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See, e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

12. Because Defendant failed to make a substantive, appealable determination of whether to comply with Plaintiff's request within the time period required by FOIA for all

components, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: June 5, 2017

Respectfully submitted,

*s/ Chris Fedeli*

Chris Fedeli
DC Bar No. 472919
**JUDICIAL WATCH, INC.**
425 Third Street SW, Suite 800
Washington, DC 20024
cfedeli@judicialwatch.org
(202) 646-5172

*Counsel for Plaintiff*